**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-02309-001-TUC-JCH (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Hassan Omar  Kassim, et al., | |
| Defendants. | |

Before the Court are Defendant Alexandra Brooke Wisdom's "Motion to Sever Counts and Defendant Wisdom" ("Motion to Sever") (Doc. 79) and Defendant Daniel Isaac Cardenas's "Second Motion to Continue Trial and Plea Deadline" ("Motion to Continue") (Doc. 78). For the following reasons, the Court will deny the Motion to Sever and grant the Motion to Continue.

## I.    Background

In this case, Defendant Daniel Issac Cardenas is charged with one count of use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii) and one count of conspiracy to use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(o). *See* Doc. 34. Defendants Hassan Omar Kassim and Jaquvon Terell Poe are charged with one count of aiding and abetting the use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii) and one count of conspiracy to use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(o). *See id.* Defendant Alexandra Brooke Wisdom is charged with two counts of

accessory after the fact under 18 U.S.C. § 3.

Defendants Kassim and Wisdom were first indicted in this case on May 14, 2025, and both charged with aiding and abetting the use of a firearm during and in relation to a crime of violence and conspiracy to use of a firearm during and in relation to a crime of violence. *See* Doc. 20. Both Defendant Kassim and Defendant Wisdom were ordered detained pending trial. *See* Docs. 14, 31. On June 4, 2025, a superseding indictment issued, adding Defendants Cardenas and Poe and amending the charges against Defendant Wisdom. *See* Doc. 34. Defendant Cardenas was ordered detained pending trial, and Defendant Poe was ordered released on his own recognizance. *See* Docs. 43; 38.

On June 11, 2026, Defendant Wisdom moved for reconsideration of her order of detention. Doc. 48. Magistrate Judge Lynette C. Kimmins set a briefing schedule, Doc. 54, held a hearing, and ordered Defendant Wisdom remain detained, *see* Doc. 70. Defendant Wisdom appealed the detention order to this Court on July 30, 2025, Doc. 71, and on August 18, 2025, the Court denied the appeal and affirmed Judge Kimmins's detention order, Doc. 75.

When the Court affirmed Defendant Wisdom's detention on August 18, 2025, a jury trial had already been scheduled for November 18, 2025. *See* Doc. 69. This was not a firm trial date. On October 20, 2025, the Court received an email from counsel for Defendant Wisdom, CJA Phillip Kimble, stating Defendant Wisdom wished to proceed to trial on November 18. *See* Doc. 76. Being unable to accommodate the request, the Court scheduled a status conference for October 28, 2025. *Id.* At the status conference, Mr. Kimble advised the Court that Defendant Wisdom was asserting her speedy trial rights and intended to proceed to trial. Doc. 77. Counsel for Defendants Kassim, Cardenas, and Poe advised they would realistically not be ready for trial until spring 2026. *Id.* The Court set deadlines for Defendant Wisdom to file a motion to sever and Defendants Kassim, Cardenas, and Poe to file a motion to continue. *Id.* Defendants filed the respective motions, Docs. 78, 79, and on January 7, 2026, the Court held oral argument on the motions and took them under advisement, *see* Doc. 84.

## II.     Motion to Sever

Defendant Wisdom's Motion to Sever argues that Counts Three and Four of the Superseding Indictment (the only counts that pertain to Defendant Wisdom) should be severed to allow Defendant Wisdom to proceed to trial without accounting for her co-defendants' timelines. Specifically, Defendant Wisdom argues her counts should be severed because (1) joinder was improper, (2) joinder is prejudicial, and (3) severance would avoid a speedy trial violation. The Court is unpersuaded by these arguments.

### A. Improper Joinder

First, Defendant Wisdom argues joinder was improper in this case because Defendant Wisdom is not alleged to have participated in the same acts as her Co-Defendants, and her charges are distinct. Doc, 79 at 2–3.

Under Federal Rule of Criminal Procedure 8(b), an indictment may charge multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." The Ninth Circuit has held that "transactions" has "a flexible meaning and . . . the existence of a 'series' depends on whether there is a 'logical relationship' between the transactions greater than mere factual similarity of events." *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991) (quoting *United States v. Ford*, 632 F.2d 1354, 1371–72 (9th Cir. 1980).

In *Felix-Gutierrez*, the Ninth Circuit upheld the district court's denial of a motion to sever a defendant who was charged with accessory after the fact in connection with a DEA agent's murder. 940 F.2d at 1209. The co-defendants were alleged to have participated in the murder, while the defendant who moved for severance was alleged only to have helped the perpetrators flee. *Id.* at 1208–09. The Ninth Circuit found joinder was proper because "[a]ll of the charges in [the] case were overlapping and logically interrelated," and "[t]he charges against [each co-defendant] occurred during a brief time span, involved many of the same participants, and were connected in many areas by

1    overlapping proof." *Id.*

2    Like in *Felix-Gutierrez*, the charges against Defendant Wisdom are logically related

3    to the charges against the Co-Defendants. Ms. Wisdom is charged with accessory after the

4    fact, all the charges in this case are alleged to have occurred on the same day, and proving

5    the charges against each Defendant will require overlapping proof.[1] It is not enough that

6    the Co-Defendant's alleged crimes occurred before Defendant Wisdom's or that the

7    charges are distinct. Accordingly, joinder was proper.

8    **B.  Prejudicial Joinder**

9    The Motion to Sever next argues the Court should sever Defendant Wisdom under

10   Federal Rule of Criminal Procedure 14(a) because "[t]he evidence supporting the charges

11   [against the Co-Defendants] is highly inflammatory and risks prejudicing the jury against

12   [Defendant Wisdom] on the distinct counts with which she is charged despite the

13   government's concession that she had no involvement in the shooting." Doc. 79 at 3–4.

14   Under Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses or

15   defendants in an indictment, an information, or a consolidation for trial appears to prejudice

16   a defendant or the government, the court may order separate trials of counts, sever the

17   defendants' trials, or provide any other relief that justice requires." "[W]hen defendants

18   have been properly joined under Rule 8(b), a district court should grant severance under

19   Rule 14 only if there is serious risk that a joint trial would prejudice a specific trial right of

20   one of the defendants, or prevent the jury from making a reliable judgment about guilt or

21   innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

22   Here, Defendant Wisdom does not allege joinder will prejudice any specific trial

23   right, and the Court does not see one. Defendant Wisdom alleges evidence related to the

24   counts with which the Co-Defendants are charged is "inflammatory," but again, that

25   evidence is directly related to proving necessary elements of the charges against

26   _____

27   [1] According to the Ninth Circuit Manual of Model Criminal Jury Instructions § 4.3, to find
     a defendant guilty of accessory after the fact, the government must first prove that the
28   alleged principle committed the charged crime. Accordingly, evidence related to proving
     the Co-Defendants guilty of Counts 1 and 2 is related to proving Defendant Wisdom guilty
     of Counts 3 and 4.

Ms.Wisdom. While some of the evidence presented at trial may not pertain directly to Ms. Wisdom, this situation is distinguishable from the case on which she relies, *United States v. Donaway*, 447 F.2d 940 (9th Cir. 1971), where a strong majority of the evidence related to charges to which the defendant who moved to sever had no connection. *See id.* at 944. The Court finds there is not a serious risk that a joint trial would unduly prejudice Defendant Wisdom or prevent the jury from making a reliable determination of her guilt or innocence. Further, were a risk of unfair prejudice to arise at trial, the Court could address it with a limiting instruction to the jury. *See Zafiro*, 506 U.S. at 539 ("[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."). Accordingly, the Court will not sever Defendant Wisdom under Rule 14(a).

**C. Speedy Trial Rights**

Defendant Wisdom finally argues that granting the Co-Defendants' requested continuance while she is joined would violate her speedy trial rights under 18 U.S.C. § 3161(c)(1), and the Court should grant a severance to avoid such a violation.

Under § 3161(c)(1), "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days" of the filing of the indictment or the defendant's initial appearance. Section 3161(h) provides for certain periods of time to be excluded from this 70-day clock, including "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6); *see also United States v. Casellas*, 842 F. App'x 95, 97 (9th Cir. 2021) (citing *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010)) ("Although the Speedy Trial Act generally requires a defendant to be tried within seventy days of his initial appearance or indictment, it excludes from this period reasonable continuances granted to a codefendant." (internal citation omitted)). Generally, whether a delay is reasonable "turns on the totality of the circumstances, including whether a continuance is needed to preserve the possibility of a joint trial." *Casellas*, 842 F. App'x at 97 (finding continuances reasonable over objection of co-defendant where counsel needed

more time to familiarize herself with discovery and severance was disfavored due to conspiracy charges). *Id.*

Here, Defendant Wisdom does not address whether granting the Co-Defendants' requested continuance would create excludable delay under § 3161(h)(6). Instead, Defendant Wisdom argues this case should be able to be tried within the speedy trial time limit and the Co-Defendants needing more time to prepare is "not a sufficient reason to abrogate Ms. Wisdom's constitutional and statutory right to a speedy trial." Doc. 79 at 6–7. Defendant Wisdom cites *United States v. Hall*, 181 F.3d 1057, 1063 (9th Cir. 1999) and *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986) to support this argument. *See id.* Both are distinguishable.

In *Hall*, the Ninth Circuit held a defendant's speedy trial rights were violated where the district court granted several of a co-defendant's motions to continue over the defendant's objection and, five days before trial, the co-defendant entered into a plea agreement under which she agreed to testify against the defendant. 181 F.3d at 1059–61. There, the court reasoned that the continuances were not reasonable under what is now 18 U.S.C. § 3161(h)(6)[2] as applied to the defendant because while "the general purpose of [§ 3161(h)(6)] is to facilitate the efficient use of judicial resources by enabling joint trials where appropriate," the continuances in *Hall* were "to enable [the co-defendant] to pursue plea negotiations." *Id.* at 1062. Accordingly, "unlike in other cases where carrying along a codefendant is necessary to ensure a joint trial, here an underlying aim was to *eliminate* the need for a joint trial by achieving a plea agreement." *Id.* at 1062–63 (emphasis in original) (internal quotation omitted). Further, the court found the continuances had prejudiced the defendant's case because he "was effectively prevented from going to trial until the government had secured [the co-defendant] as a witness against him." Here, the Court asked counsel for the Co-Defendants if they were requesting a continuance to have more time to negotiate plea deals, and all advised that no plea offer had been discussed. Further, counsel assured the Court a continuance was sought solely to prepare for trial. Granting a

---

[2] Under the version of 18 U.S.C. § 3161 in effect in 1999, subsection (h)(7) was equivalent to the subsection (h)(6) under the current version of the Statute.

continuance without severing Defendant Wisdom would serve only to preserve the possibility of a joint trial, and there is no indication that doing so will prejudice Defendant Wisdom's defense.

*Theron*, a Tenth Circuit case, is inapplicable here for multiple reasons. In *Theron*, the district court granted a continuance over a defendant's objection, making an ends-of-justice finding under 18 U.S.C. § 3161(h)(8) (now 18 U.S.C. § 3161(h)(7)) because the co-defendants argued the case's complexity justified the continuance. 782 F.2d at 1511. The Tenth Circuit found that the complexity of the case, the co-defendants' need for more preparation time, and the desire to try all the defendants together did not justify an ends-of-justice-continuance. *Id.* at 1512–13. But the *Theron* court separately examined the reasonableness of the delay under what is now § 3161(h)(6), finding that because the co-defendants sought the continuance and no severance had been granted, the delay was not unreasonable, and the defendant's indictment should not be dismissed. *Id.* at 1514. Here, because the Co-Defendants have moved for a continuance, under the *Theron* framework, § 3161(h)(6) applies, and granting a continuance would not violate Defendant Wisdom's speedy trial rights. Further, the Ninth Circuit has rejected *Theron*'s holding that granting an ends-of-justice continuance under § 3161(h)(7) based on a co-defendant's needs is impermissible. *See United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994) (finding the district court properly considered the codefendants' need for additional time because "trial delay due to the [ends-of-justice] continuance granted to . . . codefendants applies to [the defendant] as excludable time" (alterations in original) (quoting *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993)).

The Court may consider the Co-Defendants' need for additional time to prepare for trial under both 18 U.S.C. § 3161(h)(6) and (7) when deciding whether to grant a continuance as to Defendant Wisdom. Accordingly, the Court will deny the Motion to Sever.

## III.   Motion to Continue

Defendant Cardenas's Motion to Continue was joined by Defendants Kassim and

1   Poe, and the Government does not object. *See* Doc. 78 at 2. Defendant Wisdom objects to

2   the Motion to Continue, *see id.*, but did not file a response, *see generally* Docket. The Court

3   addressed above Defendant Wisdom's arguments against granting a continuance as it

4   relates to her speedy trial rights. The Court will grant the continuance under 18 U.S.C.

5   § 3161(h)(6) and (7) and exclude time from October 28, 2025, to July 27, 2026.[3]

6           Under 18 U.S.C. § 3161(h), certain periods "shall be excluded . . . in computing the

7   time within which the trial of any [indicted] offense must commence." This excludable

8   time includes "[a] reasonable period of delay when the defendant is joined for trial with a

9   codefendant as to whom the time for trial has not run and no motion for severance has been

10  granted," § 3161(h)(6), and "[a]ny period of delay resulting from a continuance . . . if the

11  judge granted such continuance on the basis of his findings that the ends of justice served

12  by taking such action outweigh the best interest of the public and the defendant in a speedy

13  trial," § 3161(h)(7)(A). In determining whether to grant an ends-of-justice continuance

14  under § 3161(h)(7)(A), courts look at the following factors:

15          (i) Whether the failure to grant such a continuance in the proceeding would
16          be likely to make a continuation of such proceeding impossible, or result in
            a miscarriage of justice.

17          (ii) Whether the case is so unusual or so complex, due to the number of
18          defendants, the nature of the prosecution, or the existence of novel questions
            of fact or law, that it is unreasonable to expect adequate preparation for
19          pretrial proceedings or for the trial itself within the time limits established by
            this section.

20          (iii) Whether, in a case in which arrest precedes indictment, delay in the filing
21          of the indictment is caused because the arrest occurs at a time such that it is
            unreasonable to expect return and filing of the indictment within the period
22          specified in section 3161(b) [18 USCS § 3161(b)] or because the facts upon
            which the grand jury must base its determination are unusual or complex.

23          (iv) Whether the failure to grant such a continuance in a case which, taken as
24          a whole, is not so unusual or so complex as to fall within clause (ii), would
            deny the defendant reasonable time to obtain counsel, would unreasonably
25          deny the defendant or the Government continuity of counsel, or would deny
            counsel for the defendant or the attorney for the Government the reasonable
26          time necessary for effective preparation, taking into account the exercise of
            due diligence.

27
    § 3161(h)(7)(B).
28
    _____

    [3] Much of this time will also be excludable under 18 U.S.C. § 3161(h)(1)(D) and (H).

                                           - 8 -

Here, the Court finds a continuance is proper under both § 3161(h)(6) and (7). First, the Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and the defendants in a speedy trial as to Defendants Cardenas, Kassim, and Poe. Counsel for Defendants Cardenas, Kassim, and Poe have all expressed that they need more time to prepare for trial to adequately represent their clients due to the voluminous disclosure in this case. The charges against these Defendants are very serious. These are the exact circumstances contemplated by clause iv. Accordingly, denying the continuance would risk denying these Defendants' Sixth Amendment right to adequate representation.

Because the Court will deny Defendant Wisdom's Motion to Sever, under § 3161(h)(6), an ends-of-justice continuance as to Defendants Cardenas, Kassim, and Poe also excludes time from Defendant Wisdom's speedy trial clock. The Court finds a continuance until late summer 2026 is reasonable. The Court established above that, contrary to Defendant Wisdom's arguments in her Motion to Sever, much of the evidence in this case will be relevant to whether the Government has met each element of proving she was an accessory after the fact. All other parties in this case agree more time for preparation is necessary, and it is likely Ms. Wisdom's defense would also benefit from additional preparation. *See United States v. Henry*, 984 F.3d 1343, 1353–54 (9th Cir. 2021) (finding 10.5 months of continuances reasonable as to the objecting defendant because each continuance was supported by information about the need for additional time to prepare, and it was reasonable to allow *all* attorneys, including counsel for the objecting defendant, additional time to prepare). The Court also believes the ends of justice served by granting a continuance outweigh Defendant Wisdom's interest in a speedy trial despite her objection. The Court is aware Defendant Wisdom is detained pending trial and has considered this in its analysis. *United States v. Torres*, 995 F.3d 695, 707 (9th Cir. 2021) ("[A] defendant's detained status may influence the ends-of-justice analysis under § 3161(h)(7)."). But Defendants Cardenas and Kassim are also detained pending trial, and Defendant Wisdom's pretrial detention does not outweigh the Court's other considerations,

including the best interests of each Defendant. *See Henry*, 984 F.3d at 1153–54 (10.5 months of continuances granted to co-defendants reasonable even with objecting defendant detained). Further, granting a continuance will preserve the possibility of a joint trial. *See Casellas*, 842 F. App'x at 97.

The Court has reviewed its calendar and the needs of this case carefully and finds a continuance until July 27, 2026, balances the need for adequate preparation time with Defendant Wisdom's desire to get this case to trial as soon as possible. The Government estimates this case will take two weeks to try, and counsel for Co-Defendants estimate they need until at least early spring, but more likely late spring, to prepare. Further, the attorneys expect additional pretrial motion practice. A trial date at the end of July will ensure the parties have adequate time to prepare for trial and litigate pretrial motions. This also avoids the possibility of having to reset an earlier date if the parties need more time to prepare than estimated. Given the case is scheduled for two weeks, setting the trial in July now assures the Court's calendar will be able to accommodate the trial. Considering all of the circumstances of this case—including the needs of Defendants Cardenas, Kassim, and Poe and the benefit to Defendant Wisdom of a continuance that gives her lawyer sufficient time to prepare—the Court finds granting the Motion to Continue is reasonable and best serves the ends of justice.

///
///
///
///
///
///
///
///
///
///

1
2
3
4
5
6
7
8
9

**IV.     Order**

Accordingly,

**IT IS ORDERED setting** a nine-day jury trial for **July 27, 2026, at 9:30 A.M.** A trial scheduling order will follow.

**IT IS FURTHER ORDERED granting** the Motion to Continue (Doc. 78) under 18 U.S.C. § 3161(h)(6) and (7) and excluding time from October 28, 2025, until July 27, 2026.

**IT IS FURTHER ORDERED denying** the Motion to Sever (Doc. 79).

Dated this 5th day of February, 2026.

John C. Hinderaker
United States District Judge

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28